UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO PEREZ DUPENS,
#177927,

    Plaintiff,                                                    Civil Action No. 22-CV-10329

vs.                                                                 HON. BERNARD A. FRIEDMAN

THERESA M. HARUSKA, et al.,

    Defendants.
_____/

## OPINON AND ORDER DISMISSING THE COMPLAINT

Plaintiff Antonio Perez Dupens, an inmate at the Genesee County Jail, has commenced this pro se action pursuant to 28 U.S.C. § 1983. For the following reasons, the Court shall dismiss the complaint.

According to the Michigan Department of Corrections ("MDOC"), in 2020 plaintiff was convicted of (1) possession of less than 25 grams of a controlled substance and (2) possession of methamphetamine. He committed these offenses on Decemder 4, 2019. Plaintiff was sentenced on July 23, 2020, to one year and eleven months to four years imprisonment on the former and one year and eleven months to ten years imprisonment on the latter.

The Genesee Circuit Court website indicates that plaintiff was subsequently charged with several additional offenses, including three counts of possession of less than 25 grams of a controlled substance, carrying a concealed weapon, felony-firearm, and other lesser charges. The docket lists the dates of the offenses as May 7 and June 29, 2020. Plaintiff pled guilty on February 25, 2022, and, as of the date of this opinion, he has yet to be sentenced.

Plaintiff's complaint names his counsel, Theresa M. Haruska, and Genesee County prosecutor, David S. Leyton, as defendants. Plaintiff appears to argue that due to an error in the jail credit computation for his two initial convictions, he should have been considered for parole prior to

his arraignment on his most recent offenses. (ECF No. 1, PageID.7). The complaint also mentions a non-consensual vehicle search, an unconstitutional interrogation, and the coronavirus pandemic. (*Id.*). Plaintiff appears to argue that these violations resulted in his wrongful prosecution and conviction and that "all [of his] constitutional rights have been violated." (*Id.*, PageID.5, 10, 15). For relief he seeks $60 million in damages. (*Id.*, PageID.15).

Civil complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and dismiss a case if "the case is frivolous or malicious; the case fails to state a claim on which relief may be granted; or a party seeks monetary relief against a defendant who is immune from such relief." *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted when the facts alleged in the complaint, accepted as true, fail "to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

The Supreme Court has explained:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court has added that a "§ 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

2

proceedings) – if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, plaintiff appears to claim that his injuries stem from his wrongful prosecution and conviction. Under *Heck*, his claims are barred unless the relevant convictions and sentences are invalidated. Plaintiff has failed to allege that the challenged convictions and sentences were reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal writ of habeas corpus. His claims are therefore barred.

Moreover, the named defendants cannot be held liable under § 1983. The statute states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. The lead defendant is plaintiff's appointed criminal defense attorney. Although appointed by the Court, the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981). For these reasons, and given the facts alleged in this case, plaintiff cannot maintain a § 1983 action against defendant Haruska.

Further, the second named defendant, the Genesee County prosecutor, is immune from suit under § 1983. "[O]fficials enjoy absolute immunity from civil liability related to their performance of 'prosecutorial' functions." *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). The Sixth Circuit has explained:

> Functions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits. Meanwhile, functions which are more

3

> 'investigative' or 'administrative' in nature, because they are more removed from the judicial process, are subject only to qualified immunity.

*Id*. (citations omitted). "Although "[t]he line between a prosecutor's advocacy and investigating roles might sometimes be difficult to draw," *id*., the Supreme Court has specifically stated that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff has failed to allege any conduct that falls outside the scope of prosecutorial immunity. Accordingly,

IT IS ORDRED that the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c).

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis because no appeal in this case could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: April 22, 2022
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on April 22, 2022.

**Antonio Perez Dupens** #177927
Genesee County Jail
1002 South Saginaw
Flint, MI 48502

s/Johnetta M. Curry-Williams
Case Manager

4